NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

S.A.W.,                                          )
                                                 )
             Appellant,                          )
                                                 )
v.                                               )          Case No.  2D15-4905
                                                 )
STATE OF FLORIDA,                                )
                                                 )
             Appellee.                           )
 _____ )

Opinion filed December 7, 2016.

Appeal from the Circuit Court for Pinellas
County; Patrice W. Moore, Judge.

Howard L. Dimmig, II, Public Defender, and
Pamela H. Izakowitz, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Ha Thu Dao, Assistant
Attorney General, Tampa, for Appellee.


LaROSE, Judge.


        S.A.W., a juvenile, pleaded guilty to burglary, in violation of section

810.02, Florida Statutes (2014), and grand theft, in violation of section 812.014, Florida

Statutes (2014).  The trial court withheld adjudication and placed S.A.W. on six months

of probation.  S.A.W. appeals the final adjudication and disposition.  We have

jurisdiction.  Fla. R. App. P. 9.140(b)(2)(A)(i).  S.A.W. argues that the trial court erred by

denying his dispositive motion to suppress DNA evidence and in failing to hold a plea colloquy or enter a written or oral disposition. We affirm, without further discussion, the trial court's order denying the motion to suppress evidence.

The State concedes that the trial court did not hold a plea colloquy. See Fla. R. Juv. P. 8.080(a) ("Before accepting a plea of guilty or nolo contendere, the court shall determine that the plea is knowingly and voluntarily entered and that there is a factual basis for it."). Thus, we must reverse and remand for the trial court to conduct the appropriate colloquy. See G.M.K. v. State, 312 So. 2d 538, 538 (Fla. 2d DCA 1975) (holding that remand was appropriate when the record failed to reflect a determination by the trial court that the juvenile entered a voluntary plea with an understanding of the nature of the allegations).

Affirmed, in part, reversed, in part, and remanded.

BLACK and LUCAS, JJ., Concur.